

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6966 | **DATE** | 10/2/2002 |
| **CASE TITLE** | David A. Dew, Sr. vs. Cook County Department of Corrections | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Dew's application to proceed without prepayment of the fees is denied. (3-1) Both his Complaint and this action are dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 0 3 — date docketed | 5 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/2/2002 | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice SN mailing deputy initials | |

```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

DAVID A. DEW, SR.,                )
                                  )
                 Plaintiff,       )
                                  )
      v.                          )    No.  02 C 6966
                                  )
COOK COUNTY DEPARTMENT OF         )
CORRECTIONS,                      )
                                  )
                 Defendant.       )
```

MEMORANDUM ORDER

David Dew, Sr. ("Dew") has filed a brief self-prepared Complaint against the Cook County Department of Corrections ("Department"), accompanied by a filled-out In Forma Pauperis Application and Financial Affidavit ("Application"). Although Dew does not specify the basis on which he seeks to invoke federal jurisdiction, the Complaint (a photocopy of which is attached) makes it plain that he is attempting to assert a claim of violation of his constitutional rights (presumably under the Eighth Amendment[1]) under 42 U.S.C. §1983 ("Section 1983").

For any plaintiff to gain in forma pauperis status, he or she not only must demonstrate his or her financial inability to pay the $150 filing fee but must also state a non-frivolous claim in the sense defined in Neitzke v. Williams, 490 U.S. 319, 325

---

[1] As always, this opinion adheres to the conventional and convenient (though technically imprecise) practice of referring to the underlying Bill of Rights provision (which of course imposes limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guarantees).

(1989) and refined in Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). In this instance there is a bit of doubt as to whether Dew satisfies the first of those requirements (a showing of poverty), but that doubt will be resolved in his favor because he plainly falls at the second hurdle.

On that score, because Dew's stated grievance is simply one of having been subjected to the overcrowded conditions at Department's Cook County Jail for a bit under three weeks, during which he was the third man in a cell and required to sleep on the floor, he flunks the test of non-frivolousness in the legal sense spelled out in Neitzke. Although Dew's allegations are also accepted as true in factual terms, his claim is inarguable in the legal sense (the phrasing in Neitzke) when it is measured against Section 1983's requirements of a constitutional violation.

Accordingly Dew's Application is denied. Both his Complaint and this action are dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 2, 2002

2

JUDGE'S COPY

SEP 3 0 2002

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

David A. Dew Sr.   Plaintiff(s)

v.

Cook County Dept. of Corrections   Defendant(s)

Case No. **02C 6966**

JUDGE SHADUR

MAGISTRATE JUDGE MASON

## COMPLAINT

I was incarcerated at Cook County Dept. of Corrections in Chicago, Ill., from August 30, 2002 until released on September 18th, 2002. I was in Division 5, 1K. My number "2002069702". I was in cell "lower 10". I was assigned to that cell with two other prisoners. There were only 2 beds. I being the 3rd man assigned had to sleep on the "concrete floor" for the full length of time that I was there.

David Dew Sr.

SEP 3 0 2002